Frost, J.
delivered the opinion of the Court.
The plaintiff was so clearly entitled to recover the value of the gin, that the verdict for the defendant could have been rendered only on the assumption that the gin-house had n'ot been conveyed to the plaintiff. The- return of the jury, after they had retired for consultation, to be informed, precisely, what the auctioneer said when he offered the land for sale, confirms this conclusion.
The deed to the plaintiff describes the land conveyed by specific boundaries, and as containing one hundred acres, more or less. The piece of land, on which the gin-house is situated, measuring less than an acre, is contained within the boundaries, mentioned in the deed. Exclusive of this piece, the tract contained 98 acres. The levy was of “ the defendant’s land, whereon he resided.” The gin-house had been purchased and added to his tract by the defendant.- Parol evidence was admitted to shew that it was not sold to the plaintiff. The sheriff said he announced for sale, “ the tract of land on which the defendant resided.” The auctioneer said he declared the sale to be of “ the land on which Strait resided ;■ said to contain ninety-eight acres.” No exception was made of the gin-house by either of these witnes-nes, nor by Strait, who was present at the sale. The evi *130 dence is insufficient to support the verdict. The gin-house, as a very important part of the settlement, was included in the offer for sale, both by the sheriff and auctioneer, when it was said to be the land on which the defendant resided. Even if the verdict was rendered exclusively on the evidence of the auctioneer, his statement that the tract contained 98 acres should not be enforced with such exactness as to prevent the plaintiff from claiming 98|- acres, under the general description of the tract, as that on which the defendant resided ; more especially since there is nothing to shew that, if he is limited to 98 acres, the surplus half acre is the gin-house lot.
2 Mill C. R. 98.
1 Plowd. 191, & Com. Dig. E. 4.
But the deed is conclusive evidence of the plaintiff’s right to the gin-house. It does not present a case of latent ambiguity, which parol evidence may be received to explain. The description of the land, which seems certain and without ambiguity, for any thing appearing on the face of the deed, is not rendered uncertain by extrinsic facts. The land is identified by the boundaries mentioned in the deed. If the deed had contained no other description of the land, than as that on which Strait resided, parol evidence would have been proper to locate and shew its extent. But when it is designated, with certainty, by definite boundaries, the further description of it as “ the land on which Strait resided,” is merelyi ncidental, and may be rejected. On this subject the rule laid down in Shepperd’s Touchstone is, “ that when there is in the first place a sufficient certainty and demonstration, and an additional term of description, which fails in point of accuracy, it shall be rejected as surplusage.” Visible marked lines and natural objects present the greatest certainty. These do, in effect, enter into a description by boundaries. When a person purchases lands by metes and bounds, said to contain a certain number of acres, more or less, he is entitled to all the land within the- limits,' whatever the' number of acres may be. Peay’s ex'trs. v. Briggs. Where a lease was made of all the farm of Brogly, in the tenure of R. W., which was not the fact, the Court said the word “'farm” had certainty in itself, and when the description went further and said in the tenure of R. W., this was of no effect; for though it was not in his occupation, yet it should pass, because there was a certainty in the thing demised, viz. the farm of Brogly; and so another certainty, put to a thing which was certain enough before, was of no manner of effect. So in this case, the certainty, which the boundaries express, is sufficient to pass all the .land included in that description. .The addition of‘more or less5 to the number of acres, shews that the land was sold by the metes and bounds, and not by the acre. The further-description of the land, after it was already designated with certainty, as that on which Strait resided, can he of no effect.
3 ggg01 1
But the purpose and effect of the evidence introduced was, not to ascertain what land was included within the des-, scription of the deed, but to prove that the gin-house was not sold by the sheriff. The case of Barkly v. Barkly is a direct authority in this. The defendant in execution was entitled to two shares in the undivided tract of land, each con-iaining thirty acres. The levy was of “ one hundred acres, more or less, on which the defendant lives, being part of an undivided tract.” The deed conveyed “ one hundred acres of land, more or less, being the undivided part of a tract of land, belonging to the estate of John Miller, deceased.” The testimony of the auctioneer and by-staoders was offered to prove that only one share was put up for sale ; and also proof that the sheriff had sold and conveyed the other share, under a subsequent levy. The evidence was rejected, because the description in the deed was certain and included both shares ; and because the admission of the evidence would contradict the deed.
The motion is granted.
RichardsoN, J. O’Neall, J. WaRdlaw, J. and Withers, J. concurred.

Motion granted.